UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Solomon Mayer,<br>individually and on behalf of all others similarly situated,<br>Plaintiff,<br><br>-v.-<br><br>MRS BPO, L.L.C. d/b/a MRS Associates,<br>Defendants. | Index No.: 1:21-cv-7206<br><br>CLASS ACTION COMPLAINT<br>DEMAND FOR JURY TRIAL |

Plaintiff Solomon Mayer brings this Class Action Complaint by and through his attorneys, Stein Saks PLLC, against Defendant MRS BPO, L.L.C. d/b/a MRS Associates ("MRS"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

**INTRODUCTION/PRELIMINARY STATEMENT**

1. The Fair Debt Collection Practices Act ("FDCPA") was enacted in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). This was because of the concern that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. The purpose of the Act was not only to eliminate abusive debt collection practices, but also to ensure "that those debt collectors who refrain from using abusive debt collection practices

are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate. *Id.* § 1692(b), the Act gave consumers a private cause of action against debt collectors who fail to comply with it. § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et seq. The Court has pendent jurisdiction over state law claims, if any, in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the Plaintiff resides as well as a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of New York consumers under § 1692 et seq. of Title 15 of the United States Code, also known as the Fair Debt Collections Practices Act ("FDCPA"), and

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of New York, County of Kings.

8. MRS is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA.

9. MRS has a service address at National Corporate Research, Ltd., 122 East 42nd Street, 18th Floor, New York, NY, 10168.

10. Upon information and belief, MRS is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts, and that regularly collects debts alleged to be due another.

## **CLASS ALLEGATIONS**

11. Plaintiff brings this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

12. The Class consists of:

    a. all individuals with addresses in the State of New York;

    b. to whom Defendant MRS sent a collection letter;

    c. attempting to collect a consumer debt;

    d. that provides conflicting amounts for the charged-off debt and current balance;

    e. without explanation of the difference;

    f. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

13. The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

14. Excluded from the Plaintiff Class are the Defendants and all officers, members, partners, managers, directors and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

15. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue

is whether the Defendants' written communication to consumers, in the forms attached as Exhibit A, violate 15 U.S.C. §§ 1692e, 1692f, and 1692g.

16. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests which might cause them not to vigorously pursue this action.

17. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   a. **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

   b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendants' written communication to consumers, in the forms attached as Exhibit A, violate 15 U.S.C. § l692e, 1692f, and 1692g.

   c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

   d. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class

members. Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

   e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

18. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

19. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

20. Plaintiff repeats the above paragraphs as if set forth here.

21. Some time prior to August 6, 2021, Plaintiff allegedly incurred an obligation to non-party Citizens Bank N.A. ("Citizens Bank").

22. The obligation arose out of a transaction in which money, property, insurance or services, of which the subject transactions, were incurred for personal purposes, specifically personal credit.

23. The alleged Citizens Bank obligation is a "debt" as defined by 15 U.S.C. § 1692a (5).

24. Citizens Bank is a "creditor" as defined by 15 U.S.C.§ 1692a (4).

25. According to the letter described below, Citizens Bank placed the alleged debt with Defendant MRS for collection.

26. Defendant MRS collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

<em>Violation – August 6, 2021 Collection Letter</em>

27. On or about August 6, 2021, Defendant MRS sent Plaintiff a collection letter regarding the alleged Citizens Bank debt. A copy of this letter is attached as Exhibit A.

28. The Letter states that the "ACCOUNT BALANCE" is $16,605.52.

29. The Letter then states:

| The total amount of the debt due as of charge-off | $ 14,245.70 |
|---|---|

30. No other charges or amounts are listed in the Letter.

31. Plaintiff disputes the amount of the debt.

32. There is no explanation of how or why the debt balance jumped so drastically since charge-off.

33. Defendant failed to provide a basis for Plaintiff to determine what charges, if any, caused the increase from the charge-off amount to the amount currently alleged as due.

34. It is not possible for the change-off balance and current balance to be different if no amounts were added or subtracted in the interim.

35. The letter does not state that the balance may increase or is increasing.

36. The letter does not explain why the balance has increased.

37. Plaintiff is therefore unable to evaluate how much the actual debt being collected is for.

38. Plaintiff is unable to determine why the amount being demanded is higher than the amount of the debt due at charge off.

39. If in fact that balance went up due to interest charges or fees, it is deceptive not to state so.

40. The phantom increase is not described, explained, or addressed in Defendant's Letter.

41. This leaves open the possibility that this mysterious charge could be added again, or that an additional charge for the same or a different amount could be added for the same reason – whatever it was – that this mysterious addition appeared in the first place.

42. Because of the lack of any information foreclosing this possibility, plaintiff does not know if the amount of his obligation is static or dynamic.

43. Plaintiff has therefore been misled as to whether paying $16,605.52 will close the account, or whether another charge might be added, so that more than $16,605.52 would be needed to close this account.

44. The letter is misleading because Plaintiff could conclude that the total amount stated as due was due at any time, when in fact it was increasing.

45. If Plaintiff pays the "ACCOUNT BALANCE" stated on the notice, he does not know whether the debt has been paid in full.

46. As it appears that interest and/or fees, or something else is accruing, Defendant could still seek the interest and fees that accumulated after the letter was sent but before the balance was paid, or sell (or transfer collection duties on) the Plaintiff's debt to a third party, which itself could seek the interest and fees from Plaintiff.

47. Because of the conflicting amounts listed, the letter also fails to clearly state the amount of the debt.

48. Defendant's letter is therefore misleading, deceptive, and unfair in collecting on the alleged debt.

49. The FDCPA requires debt collectors, when they notify consumers of their account balance, to disclose that the balance may increase due to interest and fees.

50. Alternatively, in light of the amounts stated in the letter and the implication that additional charges have been accruing, then if, in fact, no additional amounts are accruing, Defendant must so state in order to avoid the Letter's implications otherwise.

51. The letter materially misled Plaintiff because a consumer with two equal-amount debts, one of which is getting larger (dynamic) and one of which will never get larger (static), will pay the dynamic debt first.

52. A collector cannot imply or suggest that there may be additional charges when in fact there will not be additional charges.

53. That false advice could incentivize the consumer to pay the debt at a time when, if accurately advised, he would not.

54. Interest and fees are quintessential examples of an ambiguities that could cause a consumer to pay as a means of avoiding its accrual.

55. Plaintiff does not know why the mysterious amount was added nor whether it might be added again after some period of time if the debt remained unpaid.

56. Defendant's letter is therefore misleading, deceptive, and unfair in collecting on the alleged debt.

57. Plaintiff was therefore confused as to how to properly handle this debt.

58. Plaintiff was therefore forced to waste time and money in determining his response to the Letter.

59. Plaintiff spent time trying to ascertain the true balance of this debt.

60. Plaintiff spent time trying to ascertain the how the alleged balance came to be.

61. The Letter has contradictory amounts for the balance without explanation.

62. Plaintiff was therefore unable to evaluate his options of how to handle this debt.

63. Plaintiff would have pursued a different course of action were it not for Defendant's violations.

64. Plaintiff is not a deadbeat.

65. Plaintiff desires to pay his debts.

66. But he could not do so in light of the conflicting and incomplete information about the alleged debt.

67. Because he was unable to ascertain from the Letter the true balance and whether it was increasing, Plaintiff was unable to make payment thereon.

68. The funds Plaintiff would have used to pay some or all of this alleged debt were therefore spent elsewhere.

69. Plaintiff was therefore left with less funds with which to pay off this debt once the facts were sorted out, if it turned out that he did indeed owe the balance as stated in the Letter.

70. If the balance is in fact increasing, then Plaintiff is even worse off as he now allegedly owes an even larger balance than before when he could have, and wanted to pay the debt, in full or part.

71. If interest is accruing, then any amount Plaintiff would have paid, but for the deceptive Letter, would have reduced the interest accrual on this alleged debt.

72. Defendant's conduct prevented Plaintiff from acting in the ways he would have otherwise acted had Defendant's letter not been improper.

73. Plaintiff suspected that this entire collection was fraudulent in whole or in part.

74. Plaintiff was unable to properly respond as it would be foolhardy for Plaintiff to pay some or all of this debt when the Letter demanding payment appeared false and fraudulent, and did not make sense.

75. Plaintiff spent time trying to determine the real balance of the debt.

76. Plaintiff spent time trying to determine from why the balance rose.

77. Plaintiff spent time trying to determine how this debt increased if nothing was added to it since charge-off.

78. Plaintiff spent time trying to determine if the balance was still increasing.

79. Plaintiff spent time trying to figure out if the Letter was in fact just a scam or whether it was based on a real debt.

80. During this time, and because of this, Plaintiff suffered emotional harm due to Defendant's improper acts.

81. Plaintiff suffered from fear, anxiety, stress, increased heartrate, palpitations, difficulty sleeping, and lack of sleep, as it seemed this was a possibly fraudulent collection.

82. Plaintiff suffered from fear, anxiety, stress, increased heartrate, palpitations, difficulty sleeping, and lack of sleep, as it appeared that someone was coming after him collecting on an incorrect debt.

83. Plaintiff suffered from fear, anxiety, stress, increased heartrate, palpitations, difficulty sleeping, and lack of sleep, as the Letter did not explain how or why the debt increased or would continue to do so.

84. These violations by Defendant were knowing, willful, negligent and/or intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violations.

85. Defendant's collection efforts with respect to this alleged debt from Plaintiff caused Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides Plaintiff with the legally protected right to be not to be misled or treated unfairly with respect to any action for the collection of any consumer debt.

86. Defendant's deceptive, misleading and unfair representations with respect to their collection efforts were material misrepresentations that affected and frustrated Plaintiff's ability to intelligently respond to Defendant's collection efforts because Plaintiff could not adequately respond to Defendant's demand for payment of this debt.

87. Defendant's actions created an appreciable risk to Plaintiff of being unable to properly respond or handle Defendant's debt collection.

88. Plaintiff was confused and misled to his detriment by the statements in the dunning letter, and relied on the contents of the letter to his detriment.

89. The harms caused by Defendant has a close relationship to harms traditionally recognized as providing a basis for a lawsuit in American courts.

90. As it relates to this case, the common-law analogues are to the traditional torts of misrepresentation, malicious prosecution, wrongful use of civil proceedings, abuse of process, intimidation, negligent infliction of emotion distress, and fraud.

91. The common-law torts of malicious prosecution, wrongful use of civil proceedings, and abuse of process cause harm as the individual is compelled to defend against a fabricated claim which subjects him to a panoply of psychological pressure; a normal person subjected to this suffers at least some damages.

92. A party may pursue a wrongful civil litigation claim without showing any special kind of injury.

93. Conceptually, the tort of fraud is an interference with another's interest in being able to make certain kinds of decisions in certain settings free of misinformation generated by others.

94. Intimidation includes "unlawful coercion" and "putting [another] in fear". Black's Law Dictionary 1990.

95. The fear of the victim need not be so great as to result in terror, panic, or hysteria. *Id.*

96. Recovery may be had under the common law for negligent infliction of emotion distress without a showing of physically manifested harm.

97. For purposes of this action, only a close relationship to common-law harm is needed, not an exact duplicate.

98. Plaintiff is entitled to receive proper notice of the details of the debt, and specifically not information that clouds or conceals this, as required by the FDCPA.

99. Defendant failed to effectively inform Plaintiff of this information, and in fact attempted to conceal it, in violation of the law.

100. Plaintiff has a right not be subject to collections actions that are deceptive, misleading, and harassing.

101. Yet Defendant's Letter was.

102. As a result of Defendant's deceptive, misleading, unfair and false debt collection practices, Plaintiff has been damaged.

## COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692e *et seq.*

103. Plaintiff repeats the above allegations as if set forth here.

104. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to, 15 U.S.C. § 1692e.

105. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

106. Defendant violated said section as described above in violation of §§ 1692e, 1692e (10), 1692e (2).

107. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e, et seq. of the FDCPA and is entitled to actual damages, statutory damages, costs and attorneys' fees.

## COUNT II
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692f *et seq.*

108. Plaintiff repeats the above allegations as if set forth here.

109. Alternatively, Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to, 15 U.S.C. § 1692f.

110. Pursuant to 15 U.S.C. §1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

111. Defendant violated this section as described above.

112. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692f, et seq. of the FDCPA and is entitled to actual damages, statutory damages, costs and attorneys' fees.

### COUNT III
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692g *et seq*

113. Plaintiff repeats the above allegations as if set forth here.

114. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

115. Pursuant to 15 U.S.C. § 1692g an initial communication with a debtor regarding a debt must identify the amount of the debt.

116. Defendant violated this section by failing to provide the amount of the debt and as described above.

117. Alternatively, Defendants violated this section by failing to clearly state the amount of the debt.

118. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692g et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

### DEMAND FOR TRIAL BY JURY

119. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Solomon Mayer, individually and on behalf of all others similarly situated, demands judgment from Defendants MRS as follows:

i.  Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Eliyahu Babad, Esq. as Class Counsel;

ii. Awarding Plaintiff and the Class statutory damages;

iii. Awarding Plaintiff and the Class actual damages;

iv. Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

v. Awarding pre-judgment interest and post-judgment interest; and

vi. Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: December 31, 2021            Respectfully submitted,

**Stein Saks PLLC**

s/ Eliyahu Babad
By:  Eliyahu Babad, Esq.
One University Plaza, Suite 620
Hackensack, NJ 07601
Phone: (201) 282-6500 x121
Fax: (201) 282-6501
EBabad@SteinSaksLegal.com

*Attorneys for Plaintiff*